OPINION
McKEE, Circuit Judge.
Anyelo Alcaraz petitions for review of a decision of the Board of Immigration Appeals affirming the Immigration Judge’s ruling that he is ineligible for cancellation of removal under 8 U.S.C. 1229b(a).[1] For the reasons that follow we will deny the Petition.
I.
Alcaraz claims that the IJ erred in concluding that his May 8, 2003 adjudication was a “conviction” for immigration pur *448 poses and that his October 7, 2003 conviction made him statutorily ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b. We disagree.
8 U.S.C. § 1101(a)(48)(A), defines “conviction” as “a formal judgment of guilt ... entered by a court.” Id. The May 8, 2003 conviction in New York Criminal Court, County of Queens, for fifth degree criminal possession of marijuana, in violation of New York Penal Law § 221.10 falls within that definition of “conviction.”
Alcaraz’s argument to the contrary rests upon a fundamental misreading of § 1101(a)(48)(A). He argues that that statute requires both a formal judgment of guilt and, the imposition of some form of punishment, penalty or restraint on the alien’s liberty. However, the statute is clearly written in the disjunctive, not in the conjunctive. Section 1101(a)(48)(A) reads, in pertinent part: ’ “The term ‘conviction’ means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if the adjudication of guilt has been withheld, where ... (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien’s liberty to be imposed.” Id. (emphasis added). See also Acosta v. Ashcroft, 341 F.3d 218, 222 (3d Cir.2003)(“[§ 1101(a)(48)(A) ] provides that, in cases where no formal judgment of guilt has been entered by a court, an alien will be considered to have been convicted for the purposes of the INA if the disposition of the alien’s criminal proceeding satisfied the two part test in [the statute.]”). The statute was no doubt intended to address situations involving diversionary programs that may not result in any immediate sanction.
II.
Since Alcaraz’s May 2003 offense is a conviction for purposes of § 1229b(a)(2), he has never established the 7-year period of continuous residence or continuous physical presence in the United States required for cancellation of removal. Thus, when he was convicted of the second offense on October 7, 2003, he became ineligible for cancellation of removal.
Alcaraz’s argument that the IJ erred in concluding that the October 7, 2003 conviction rendered him statutorily ineligible for relief rests on the erroneous premise that it did not qualify as his second conviction. Alcaraz argues that the October 18, 2005 conviction, and not the October 7, 2003 conviction, qualifies as his second conviction because he fails to realize the effect of the May 2003 conviction under immigration law.
III.
Alcaraz also claims that his he was denied due process because he was not able to seek the cancellation of removal “for which he was clearly eligible.” Petitioner’s Br. at 18. However, as we have explained, he is not eligible for cancellation of removal because of his convictions in New York in May, 2003, and October 2003.
IV.
For all of the above reasons, we will deny the Petition for Review.

. Alvarez violated New York Penal Law § 221.10 and was sentenced to a conditional discharge of one year and had his driver's license suspended for six months.